IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                  **CAUSE NO. 1:23CR44-HSO-BWR-1**

**GEORGE WESLEY
WASHINGTON, JR.**

### ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO ISSUE RULE 17(c) SUBPOENAS

**BEFORE THE COURT** is Defendant George Wesley Washington, Jr.'s Motion [63] to Issue Rule 17(c) Subpoenas. The Government does not oppose the Motion. For the reasons that follow, the Motion [63] is granted.

### I. BACKGROUND

A Grand Jury returned a Superseding Indictment on April 10, 2024, charging Washington with one count of conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 846, as well as one count of possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2. Superseding Indictment [56]. On April 17, 2024, Washington filed a Motion [63] to Issue Rule 17(c) Subpoenas seeking the following records:

    a. Location data from AT&T for the cell phone used by Defendant on the date of his arrest;

    b. Transaction and tracking data from FedEx relating to two packages sent from California to Gulfport, Mississippi on March 8, 2023 and March 14, 2023.

Mot. [63] at 1.

## II. DISCUSSION

A.    <u>Relevant Legal Authority</u>

Rule 17(c) of the Federal Rules of Criminal Procedure provides:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1). The purpose of this rule is "to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials[.]" *United States v. Nixon*, 418 U.S. 683, 698-99 (1974). It is not intended to serve as a discovery device. *Id.* Production under this rule is not required unless the moving party shows:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*Id.* at 699-700.

B.    <u>Analysis</u>

Washington asserts that recent discovery produced by the Government revealed the relevance of the documents he now seeks. He cannot procure the

-3-

documents in another way because the documents are not in the possession of the Government. The proposed document request is sufficiently specific to prevent a "fishing expedition." *See United States v. Moultrie*, No. 3:08cr14, 2008 WL 3539745, at *3 (N.D. Miss. Aug. 8, 2008). Washington's Motion should be granted.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant George Wesley Washington, Jr.'s Motion [63] to Issue Rule 17(c) Subpoenas is **GRANTED**.

**SO ORDERED AND ADJUDGED** this the 18th day of April, 2024.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE